NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
CAMEREN N. RIPOLI (State Bar No. 318045)
cameren.ripoli@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
Officer Michael Mortimer, Detective James Colley, and City of Antioch

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Greg Banks; Alexis Avalos; Estate of Nathan Banks (Deceased),<br><br>Plaintiffs,<br><br>vs.<br><br>Officer Michael Mortimer, Detective James Colley, City of Antioch, County of Contra Costa, Contra Costa County Coroner David O. Livingston, Deputy District Attorney Barry Grove, James Alexander, Matthew P. Guichard and DOES,<br><br>Defendants. | Case No. C18-7391 HSG<br><br>**DEFENDANTS' JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     May 30, 2019<br>Time:    2:00 p.m.<br>Dept:    Crtrm 2, 4th floor – Oakland<br>Judge:   Hon. Haywood S. Gilliam, Jr |

Pursuant to Federal Rule of Civil Procedure 16(a) and Civil Local Rule 16-9 of the U.S. District Court for the Northern District of California, this Joint Case Management Conference Statement is submitted by Defendants City of Antioch, Corporal Michael Mortimer, Detective James Colley, County of Contra Costa, Coroner David O. Livingston, Deputy District Attorney Barry Grove, Senior Inspector James Alexander, and Matthew P. Guichard.

Defendants City of Antioch, Corporal Mortimer and Detective Colley are referred to herein as the Antioch Defendants. Defendants County of Contra Costa, Coroner Livingston, Deputy District Attorney Grove and Senior Inspector Alexander are referred to herein as the Contra Costa

Defendants.

## 1. JURISDICTION AND SERVICE:

This is a civil rights, wrongful death, and survival action arising under 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

All named Defendants have appeared. However, as noted in Sections 19 and 21 below, there appear to be issues of standing and whether all required heirs are involved in this case.

## 2. FACTS:

a.  Antioch Defendants' Statement of Facts:

On June 16, 2017, at approximately 11:30 p.m., Antioch Police Department (APD) Corporal ("Cpl") Mortimer was on patrol in the City of Antioch when he noticed a white Volkswagen Passat vehicle parked facing him in front of a house where he had contacted other people earlier that evening, in this area that is known for high crime and violence. When he illuminated the area, he saw Ms. Jennifer Caldwell in the driver seat and Decedent in the front passenger seat making furtive and suspicious movements inside the car. Cpl. Mortimer pulled his patrol vehicle next to the Volkswagen in the roadway and spoke to Ms. Caldwell, who he knew from prior contacts. Ms. Caldwell identified the passenger as "Nate," who Cpl. Mortimer immediately recognized from prior contacts and per his reputation as being violent, resistive, and dangerous. Cpl. Mortimer got out of his patrol vehicle and went to speak to Decedent on the passenger side of the Volkswagen.

During a brief discussion, Decedent's attitude suddenly changed and he began acting strange. **Decedent leaned forward and reached towards his back with his left hand, out of Cpl. Mortimer's sight**. Cpl. Mortimer believed Decedent was reaching for a firearm and knew he often carried firearms per his prior contacts and general police knowledge. Cpl. Mortimer gave commands for Decedent to show his hands. Decedent then forcefully attempted to open the passenger door, but the door hit Cpl. Mortimer in the leg and could not open all the way. Decedent was still digging in his back waist area and was asking to get out of the car. Cpl. Mortimer had his flashlight in his left hand and used it as an alternative striking device to try to strike Decedent in

the sternum, but Decedent leaned forward and the flashlight struck him in his forehead.

Decedent then pulled his left hand out from behind his back and reached it over by Ms. Caldwell in the driver seat. **At this point, Cpl. Mortimer saw Decedent had a firearm in his left hand**. Cpl. Mortimer drew his firearm and ordered to see both of Decedent's hands, but he did not comply and continued to try to push the passenger door open. Cpl. Mortimer lost visual of Decedent's left hand (due to his position up on the sidewalk and Decedent's movements inside of the vehicle), but believed Decedent ditched the firearm out the window. Cpl. Mortimer figured since the gun was gone, he would let Decedent out of the car and then he would take him to the ground to arrest him. Cpl. Mortimer holstered his firearm and went to grab Decedent as he exited the Volkswagen, **at this point he saw Decedent still had the gun in his left hand**. Ms. Caldwell stated she saw Decedent with a dark object in his hands as he exited the vehicle. Cpl. Mortimer grabbed Decedent's shirt, which ripped, but then Decedent got loose and ran away with the firearm in his left hand. Cpl. Mortimer pursued Decedent on foot per his duty as now Decedent was a fleeing suspect with a firearm who had defied multiple lawful orders and was running into a populated residential area.

Cpl. Mortimer pursued Decedent a short distance and gave Decedent commands to stop running, though he did not comply. Decedent suddenly turned west towards the entrance of the side yard of 2308 Manzanita Apt. B. As Cpl. Mortimer came around the corner, he saw Decedent straddling the fence with his right leg over the fence and with the left side of his body exposed to Cpl. Mortimer. **As Decedent was moving over the fence, Cpl. Mortimer saw the firearm in Decedent's hand and saw the barrel come around towards him. Believing he was about to be shot by Decedent, Cpl. Mortimer fired three shots**.

After the shooting, Decedent fell to the other side of the fence. Cpl. Mortimer retreated and waited for cover units to arrive. APD Canine Ofc. White arrived and then the two of them breached the fence, they found Decedent laying on the ground with **a firearm 1-2 inches away from his right hand**. Ofc. White immediately sent in his dog to engage the subject and the dog bit Decedent on the right leg. Ofc. White used his foot to slide the gun away from Decedent's right hand. Other officers arrive thereafter and rendered medical aid to Decedent, but he was pronounced dead at the

scene.

On October 10, 2017, a Coroner's Inquest hearing was held regarding the mode and manner of Decedent's death, per County protocol and State law. A jury was empaneled in accordance with State law. Defendant Guichard was retained by the County as the Inquest hearing officer and examined a number of witnesses to testify to the details of Decedent's death, including forensic pathologist Dr. Arnold Josselson, APD Cpl. Mortimer, APD Officer Ryan White, APD Detective James Colley and District Attorney Senior Inspector James Alexander. At the end of the testimony, the jury determined that Decedent's death was caused by "Accident."

b. <u>Contra Costa Defendants' Statement of Facts</u>:

Because Decedent's death was the result of an officer-involved shooting, Contra Costa County's Law Enforcement Involved Fatal Incident ("LEIFI") protocol was invoked. Pursuant to that protocol, Deputy District Attorney Grove was notified of the shooting and, together with a manager appointed by the City of Antioch, oversaw the investigation of that shooting. Senior Inspector Alexander was one of the officers involved in the shooting.

Following the shooting, there was an inquest conducted by the Coroner's Office, which is headed by Coroner Livingston. Mr. Guichard was the hearing officer at the Coroner's Inquest.

Plaintiffs have requested various records from the District Attorney's Office related to the investigation. On May 1, 2019, the District Attorney's Office provided Mr. Banks with public records relating to the investigation.

c. <u>Defendant Matthew P. Guichard's Additional Facts</u>:

Defendant Guichard concurs with the description of the Coroner's Inquest set forth above. Guichard notes that his role was only to examine witnesses and oversee the Inquest proceedings; he had no role in selecting witnesses, compiling or selecting evidence, or determining how to respond to the Inquest jury's verdict. Defendant Guichard is an attorney in private practice who has no authority or policy-setting role in the Coroner's Office, District Attorney's Office, or County of Contra Costa.

**3.    LEGAL AND FACTUAL ISSUES**:

The principal legal and factual issues in dispute include the following:

a) Whether Defendant Mortimer violated Decedent's Fourth Amendment rights to be free from unreasonable seizures (detention/arrest) as secured by the Fourth Amendment of the U.S. Constitution;

b) Whether Defendant Mortimer violated Decedent's right to be free from excessive and unreasonable force in the course of an arrest or detention as secured by the Fourth Amendment of the U.S. Constitution;

c) Whether Defendants City of Antioch, County of Contra Costa, Matthew P. Guichard, and Coroner David Livingston are liable under *Monell* for maintaining an unconstitutional custom, policy, or practice that deprived Decedent and Plaintiffs of rights and liberties secured by the Fourth and Fourteenth Amendments;

d) Whether Defendants deprived Decedent and Plaintiffs of the substantive due process right to seek redress and access justice through the courts as secured by the Fourteenth Amendment;

e) Whether Defendant Guichard personally committed any violation of Decedent or Defendants' constitutional rights sufficient to sustain a 42 U.S.C. §§ 1983 claim;

f) Whether Plaintiffs' claims against the Contra Costa Defendants and Guichard are premature in light of Plaintiffs' pending claims against the Antioch Defendants;

g) Whether, pursuant to California Civil Code § 52.1, Defendant Mortimer violated Decedent's rights by threat, intimidation, or coercion;

h) Whether, pursuant to California law, Defendant Mortimer subjected Decedent to battery;

i) Whether any individual Defendants are entitled to qualified immunity;

j) Whether Defendants have any applicable state law immunities.

### 4. **MOTIONS:**

Plaintiffs filed their Complaint (ECF 1) on December 7, 2018. Plaintiffs' Complaint contained six claims against a total of eight Defendants including, the City of Antioch, APD Corporal Michael Mortimer, APD Detective James Colley (APD Defendants represented by McNamara Law), the County of Contra Costa, Coroner David O. Livingston, Deputy District Attorney Barry Grove, Senior Investigator James Alexander (represented by Contra Costa County

Counsel), and Inquest Hearing Officer Matthew Guichard (represented by Guichard, Teng, Portillo & Garrett). In response, all Defendants filed respective motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The hearing for Defendants' motions to dismiss and the initial Case Management Conference ("CMC") are set for May 30, 2019. If Plaintiffs are granted permission to amend the Complaint, Defendants will need to evaluate the issues to determine if another round of motions to dismiss are appropriate. Additionally, any remaining Defendants will likely file respective motions for summary judgment at the end of discovery.

## 5. AMENDMENT AND PLEADINGS:

Not applicable to Defendants.

## 6. EVIDENCE PRESERVATION:

The Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have taken reasonable and appropriate steps to preserve evidence relevant and apparent to the issues in this action.

## 7. DISCLOSURES:

Currently discovery is not open and there are three pending motions to dismiss that may result in the dismissal of a number of Defendants and claims. As such, this case is not at issue yet and initial disclosures should be stayed until the motions to dismiss have been decided and all remaining Defendants have filed an answer in response to Plaintiffs' allegations.

## 8. DISCOVERY:

The discovery process has not formally begun. Defendants anticipate performing the following discovery in this matter: Written discovery to Plaintiffs, the deposition of Plaintiffs, the depositions of percipient or material witnesses regarding the subject incident and/or any damages or liability related issues, the depositions of any relevant experts and the subpoena of relevant records pertaining to issues in this case.

However, in the interests of time and resources of Defendants, the Antioch Defendants intend to seek either bifurcation of *Monell* discovery and trial issues, and/or deferral of *Monell* discovery until later in this case.

Defendant Guichard notes that, given his role as a hearing officer, he has virtually no

relevant discoverable documents within his possession, custody, or control.

## 9. CLASS ACTIONS:

This matter is not a class action.

## 10. RELATED CASES:

Defendants are not aware of any related cases at this time.

## 11. RELIEF:

Defendants contends that Plaintiffs are not entitled to any monetary relief and reserve the right to seek costs against Plaintiffs if Defendants are deemed the prevailing party.

## 12. SETTLEMENT AND ADR:

Defendants will be complying with ADR L.R. 3-5 and each will file the ADR Certification by Parties and Counsel at the appropriate time. Defendants would be amenable to undergo an ENE in this matter.

## 13. CONSENT TO MAGISTRATE JUDGE:

The parties do not consent to be reassigned to a Magistrate Judge and want Your Honor to preside over all aspects of this case.

## 14. OTHER REFERENCE:

The Defendants do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES:

The Defendants will be seeking to narrow the issues in this matter via the discovery process and any stipulation that can be attained during the discovery process, as well as via the filing of any dispositive motions, up to the time of trial.

## 16. EXPEDITED SCHEDULE:

Not applicable.

## 17. SCHEDULING:

| Events | Dates |
| --- | --- |
| Last day to seek leave to add parties and/or claims | **September 13, 2019** |
| Completion of ADR | **December 20, 2019** |

| Fact discovery cutoff | **January 10, 2020** |
|---|---|
| Expert disclosure deadline | **January 17, 2020** |
| Rebuttal expert disclosure deadline | **February 7, 2020** |
| Completion of expert discovery | **April 16, 2020** |
| Last day to hear dispositive motions | **April 23, 2020** |
| Pretrial filings due | **May 18, 2020** |
| Pretrial conference | **June 1, 2020** |
| Trial date | **June 29, 2020** |

**18.    TRIAL:**

The Defendants demand a trial by jury.  The Defendants anticipate a 6 to 8-day jury trial.

**19.    DISCLOSURE OF NON-PARTY INTERESTED PERSONS:**

Plaintiffs' Sixth Cause of Action is a wrongful death battery claim.  ECF, 24 ¶ 135-137.  California law permits only one action for wrongful death cases.  *Cross v. Pacific Gas & Elec. Co.*, 60 Cal.2d 690, 694 (1964).  **All heirs are necessary parties and "a plaintiff's heirs have a mandatory duty to join all known omitted heirs in the 'single action' for wrongful death**."  *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997).  Currently, only Decedent's father and alleged daughter are named as Plaintiffs to the lawsuit.  Defendants' believe Decedent's mother's name is Theresa Ann Houghton, a potential resident of Pioneer, California.  Pursuant to California law, Defendants request that Plaintiffs **identify all other interested heirs**, including Decedent's mother, so they can be added to the lawsuit as Plaintiffs or nominal defendants to prevent subsequent duplicative litigation and judicial waste.  *See* California Code of Civil Procedure section 377.60.

**20.    PROFESSIONAL CONDUCT:**

All attorneys of record for the Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   OTHER MATTERS**:

Plaintiffs' Complaint alleges that Plaintiff Alexis Avalos is Decedent's daughter. However, at this time we have little to no information regarding Ms. Avalos including whether she is actually Decedent's biological child. We ask that Plaintiffs demonstrate that Ms. Avalos has standing in this matter by providing evidence that she is Decedent's biological child. Further, assuming Ms. Avalos has standing, Defendants request that if she is a minor that she be appointed a guardian ad litem as required by California and federal law. Cal. Code Civ. P. Section 373(a) & Fed. R. Civ. P. 17(c)(2).

The parties attest that concurrence in the filing of these documents has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document.

Dated:  May 23, 2019			MCNAMARA, NEY, BEATTY, SLATTERY,
					BORGES & AMBACHER LLP


					By:   /s/ Blechman, Noah G.
					    Noah G. Blechman
					    Cameren N. Ripoli
					    Attorneys for Defendants
					    Officer Michael Mortimer, Detective James Colley, and
					    City of Antioch

Dated: May 23, 2019			GUICHARD, TENG, PROTILLO, & GARRETT, A.P.C


					By:   /s/ Garrett, Christopher J.
					    Christopher J. Garrett
					    Attorney for Defendant
					    Matthew P. Guichard



					SHARON L. ANDERSON
					COUNTY COUNSEL

Dated: May 23, 2019			By:   /s/ Baker, D. Cameron
					    D. Cameron Baker
					    Deputy County Counsel
					    Attorney for Defendants
					    County of Contra Costa, Coroner David O.
					    Livingston, Barry Grove, and James Alexander