Greg Banks
banksgregorya@gmail.com
Alexis Avalos
banks.alexis.greg@gmail.com
5623 Rosscommon Way
Antioch, CA 94531
Telephone: 925-787-7615

Plaintiffs pro per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Greg Banks; Alexis Avalos and Estate of Nathan Banks,<br><br>        Plaintiff(s),<br><br>        vs.<br><br>Officer Michael Mortimer; Detective James Colley; City of Antioch; County of Contra Costa; Contra Costa County Coroner David O. Livingston; Deputy District Attorney Barry Grove; James Alexander; Matthew P. Guichard and DOES.<br><br>        Defendant(s). | Case Number: C 18-07391-HSG<br><br>**PLAINTIFFS INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT (Updated)**<br><br>Date: October 8, 2019<br>Time: 2:00 p.m.<br>Dept: Crtrm 2, 4th floor - Oakland<br>Judge: Hon. Haywood S. Gilliam, Jr. |

Plaintiffs jointly submit this INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT updating the statement Plaintiffs filed March 5, 2019 (Dkt. No. 28) because seven months have passed since the initial case management conference was cancelled and the Court just recently entered an order (Dkt No 42) regarding Defendants three motions to dismiss.

# 1. Jurisdiction and Service

This Court has subject matter jurisdiction over this complaint for federal question and related claims under laws of State of California. All named Defendants were served.

The Court sua sponte questioned Plaintiffs authority to bring survival causes of action for Nathan's injuries and death. (see Dkt 42 Section III at 4, n.22).  Plaintiffs intend to file the appropriate affidavit to confirm capacity and/or standing along with the First Amended Complaint.

# 2. Facts

Plaintiffs understand the facts as follows in the absence of any discovery.

On June 16, 2017 around 11:25 p.m. Nathan Banks was sitting with Jennifer Caldwell in a Volkswagen parked in front of Jennifer's house.  Nathan sat with his feet up on the dash reclining in the passenger seat.

Defendant Antioch Police Officer Michael Mortimer drove toward the parked Volkswagen with his overhead scene lights illuminated, pulled next to the Volkswagen and stopped in the middle of the street.  Mortimer got out and walked in front of the parked Volkswagen to the passenger side -  **purportedly to attempt a consensual encounter**.

Inexplicably and without legal justification, Mortimer **blocked the passenger door,** confined Nathan in the parked car, and **used deadly force.**  Ms. Caldwell stated she saw Officer Mortimer instantly strike Nathan in the head with a flashlight and point his gun at Nathan's head while confining Nathan in the car.  She heard no warning before Officer Mortimer "just cracked" Nathan in the head and then shot him.

Following the arbitrary and unlawful use of deadly force and having suffered serious head injury, Nathan exited the car.  Mortimer chased Nathan a short distance and shot him - at least three times - in the head, the back of the shoulder and in the buttocks striking squarely from behind. Deputy Coroner K. Hoffman - four months later - reported Antioch police also delivered body

strikes with an impact weapon. **K9 officer Ryan White testified he deployed a police dog to attack Nathan's motionless body** after Officer **Mortimer beat and shot Nathan.**

City of Antioch justified killing Nathan in official statements and advertising Officer Mortimer working in the community less than five days after killing Nathan. Antioch and Contra Costa County reported a complete and objective investigation supervised by Contra Costa County District Attorney's office was undertaken according to the *Law Enforcement Involved Fatal Incidents (LEIFI)* protocol.

To add insult to injury, on October 10, 2017, Antioch Detective James Colley testified at the County Coroner's Inquest into Nathan's death. On information and belief, Defendant Colley withheld, misrepresented, or attempted to conceal important information from the jury including the *content of at least two videos*, crime *lab results* of an alleged weapon, and witness reports inconsistent with police version of events. Colley only reported derogatory or inflammatory information about decedent. Likewise, County Defendant James Alexander concealed information and concurred with Colley's selective testimony.

Additionally, at the inquest under the direction of Defendant Guichard, pathologist Arnold Josselson testified, failing to disclose multiple blunt force trauma injuries and skull fractures of Nathan's head while misrepresenting the nature of gunshot wounds Nathan suffered.

Following the inquest City, County DA and Coroner all refused to share evidence with Plaintiffs including the police report, videos, and investigative reports. Plaintiff Greg Banks contacted Antioch police Chief Brooks, Detective Colley and Stenger, District Attorney Becton, Deputy District Attorney Barry Grove, Chief Inspector Paul Mulligan, and Deputy Coroner K. Hoffman.

When SB1421 became effective on January 1, 2019, Plaintiff Greg Banks submitted multiple public records requests to all involved agencies. In May 2019, Antioch Police and County District Attorney released **limited, redacted reports** regarding investigation into Nathan's death. County Coroner and Sheriff David Livingston denied all requests for public records.

Importantly, no agency released the records specifically requested regarding **videos of the events, crime lab reports regarding an alleged weapon, or relevant scene documentation.**

PLAINTIFFS INITIAL JOINT CASE MGT STMT UPDATED
Case No. 18-cv-07391-HSG     Page **3** of **8**

### 3. Legal Facts and Issues

Whether any Defendant violated rights of Plaintiff (Greg, Alexis and/or Nathan):

Whether any Plaintiff is entitled to relief for violation of Constitutional rights;

Whether any alleged unconstitutional act or omissions creates liability under Monell;

Whether any Defendant violated any Plaintiffs right under color of law;

Whether any Defendant has supervisory liability to any Plaintiff;

Whether any Defendant has liability to any Plaintiff under California law for statutory rights, wrongful death, survival or other right;

Whether any special liability, other claims, or other persons or entities, or theories might create liability to any Plaintiff under the circumstances or circumstances discovered.

### 4. Motions

a. Defendants have filed three motions to dismiss and a motion to continue case management conference in March 2019
b. Defendants indicate intention to file another round of motions following Plaintiffs First Amended Complaint
c. Plaintiffs anticipate motions for discovery, appointment of counsel and/or limited scope counsel

5. **Amendment of Pleadings**

   a. Plaintiffs will file First Amended Complaint per 9/23/2019 order
   b. Plaintiffs anticipate amendment to complaint following Defendant's sharing of evidence and facts during discovery.  Presently Defendants control facts and records related to Nathan's death while there is NO discovery plan in place.
   c. Plaintiffs may request to amend the Complaint to add parties and/or claims should a basis become apparent after the parties' disclosure and some discovery.

6. **Evidence Preservation**

   Plaintiffs have no evidence to share. Plaintiff Greg Banks personally met with Antioch Chief Brooks, Contra Costa County DA Becton, DDA Grove, and Insp. Paul Mulligan to request evidence and notify of interest and attempt to resolve claims.  Plaintiffs made formal requests in writing between November 2017 and January 2019 which included the notice to preserve evidence.

7. **Disclosures**

   The parties have not exchanged initial disclosures; therefore, the specific identities and conduct of those integral participants is still completely unknown at this time.

8. **Discovery**

   No discovery has been taken to date.  Every request made up to January 2019 has been refused.  Plaintiffs were denied police reports, witness names, statements, call/event reports, timelines, and review of any physical evidence including at least TWO videos and other forensic evidence allegedly in the possession of Antioch or Contra Costa County.
   Plaintiff Greg Banks has requested specific discovery to see what law enforcement and investigators saw that allowed them to make their conclusions about Nathan's death.  Plaintiffs are therefore asking for a discovery order in addition to initial disclosures along with this statement.

**9. Class Actions**

This is not a class action.

**10. Related Case**

None.

**11. Relief**

Plaintiffs seek compensatory and exemplary damages according to proof and which is fair, just and reasonable; punitive damages; and all other damages, penalties, costs, interest and attorney fees as allowed by California and/or federal law. Plaintiffs expect to have counsel along with attorney's fees in the future so specifically declare attorney's fees will be requested.

**12. Settlement and ADR**

Plaintiffs filed the ADR form asking for input from the Court at the CMC scheduled for 3/12/19. Since the CMC was moved to May and then continued to October 2019, Plaintiffs are not sure what ADR could be effective.

**13. Consent to Magistrate Judge For All Purposes**

One defendant declined Magistrate as of 2/19/2019. No other has responded.

**14. Other References**

This case is not suitable for binding arbitration because there are numerous lawyers representing one side and two pro se plaintiffs representing a deceased loved one on the other. Imbalance of power and lack of trust.

**15. Narrowing of Issues**

Defendants control the definitive factual information and have not shared relevant information to date. Plaintiffs don't agree to dismiss or narrow issues without the opportunity for discovery.

**16. Expedited Trial Procedure**

17. **Scheduling**

Plaintiffs request earliest possible schedule that would provide for discovery rather than delay proceeding to disadvantage of Plaintiffs.

18. **Trial**

Plaintiffs and Defendants have requested jury trial. Plaintiffs are unable to estimate length of trial without substantive response from defendants to understand the disagreement of facts, law, and options for settlement.

19. **Disclosure of Non-party Interested Entities or Persons**

Plaintiffs are unaware of any non-parties whose interests could be substantially affected by the outcome of the proceeding.   Plaintiffs have not filed the certificate regarding others but expects to file.

20. **Professional Conduct**

Plaintiffs have read rules of professional conduct.

Pro Se Plaintiffs have concerns as opposing counsel have attempted ex-parte communication with Judge Gilliam, misrepresented Plaintiff's meet and confer input and arbitrarily assigned a 1-day deadline for response to a motion to reschedule the Initial CMC to three months later despite Plaintiff's explicit objection and obvious hardship.

PLAINTIFFS INITIAL JOINT CASE MGT STMT Updated
Case No. 18-cv-07391-HSG    Page **7** of **8**

21. **Other**

Plaintiffs call Court's attention to the fact this **case could easily settle** if Defendants disclosed videos and crime lab reports confirming Defendants version of events.

Plaintiffs have **repeatedly communicated** such to Defendants counsel without response.

**<u>Defendants exclusively control relevant discovery that could lead to resolution and/or clarification of issues dramatically enhancing judicial economy.</u>**

| | |
|---|---|
| Dated: | /s/ Greg Banks |
| October 1, 2019 | Plaintiff |
| Dated: | /s/ Alexis Avalos |
| October 1, 2019 | |
| | Plaintiff |