NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
Officer Michael Mortimer and City of Antioch

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG BANKS, individually and as successor-in-interest of the ESTATE OF NATHAN BANKS, and ALEXIS AVALOS individually and as successor-in-interest of the ESTATE OF NATHAN BANKS,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICER MICHAEL MORTIMER; OFFICER RYAN WHITE; CITY OF ANTIOCH; DAWNMARIE DELUCCHI; and DOES 1-15,<br><br>Defendants. | Case No. C18-7391 HSG<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Date: April 29, 2021<br>Time: 2:00 p.m.<br>Dept: 4th Floor, Crtm. 2 (Oakland)<br>Judge: Hon. Haywood S. Gilliam, Jr. |

# MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY

## I.   INTRODUCTION

Defendants' motion to dismiss portions of Plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted in full because Plaintiffs' Opposition arguments are unpersuasive and fail to show how the facts alleged in the FAC amount to *Monell* liability or supervisor liability for the City of Antioch ("the City") or for Officer Mortimer. As stated in Defendants' Motion (ECF 58), in order to survive a motion to dismiss Plaintiffs' *Monell* and supervisor liability claims must consist of more than conclusory allegations and instead require Plaintiffs to state facts sufficient "to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). It is clear the Plaintiffs' *Monell* claims are fatally conclusive, and since Plaintiffs would have pled specific facts if any such facts existed, these Causes of Action should be dismissed without further leave to amend, as amendment is futile.

In their Opposition, Plaintiffs improperly assert that Defendants' Motion argues that exoneration of officers implies entitlement to dismissal. See ECF 61, 14:3-4. This is not the message of Defendants' Motion. Rather, Defendants' Motion redirects the Court to the factual allegations, or lack thereof, pertaining to the case at hand and not prior unrelated instances.

First, Plaintiffs argue their unconstitutional practice, custom, or policy claim should not be dismissed because their FAC gives sufficient notice of at least eight City custom, practices, or policies. However, like their other *Monell* claims, Plaintiffs' unconstitutional custom, policy, or practice claim is fatally conclusory and consists merely of recitations of buzzwords contained in their FAC. Plaintiffs failed to provide the grounds of their entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements" as is required by Supreme Court precedent. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As such, Plaintiffs ratification claim should also be dismissed without leave to amend.

Next, Plaintiffs argue their ratification claim should not be dismissed because "on information and belief" they have pled sufficient facts to support his claim. Plaintiffs' argument fails to appreciate the complicated temporal relationship required for ratification claims, as set forth

in Defendants' Motion. Again, like their other *Monell* claims, Plaintiffs' ratification claim is fatally conclusory and should also be dismissed without leave to amend.

Plaintiffs argue their failure to train claim should not be dismissed because they have "adequately alleged" sufficient facts demonstrating a failure to adequately train the Defendant officers and other Antioch Police Department ("APD") officers and personnel. However, like their other *Monell* claims, Plaintiffs' failure to train claim is fatally conclusory and claim should also be dismissed without leave to amend.

Finally, Plaintiffs argue their supervisor liability claim should not be dismissed because the amended complaint "adequately alleges" sufficient facts. However, again, like their other claims, Plaintiffs' supervisor liability claim is fatally conclusory and consists merely of unsupported recitations of law. As such, Plaintiffs ratification claim should also be dismissed without leave to amend.

## II.  REPLY ARGUMENTS

### A. Plaintiffs' Arguments in Support of Their *Monell* Unconstitutional Custom, Policy, of Practice Claim are Unpersuasive and Must be Dismissed

The only support for Plaintiffs' *Monell* unconstitutional custom claim are the factually unsupported inferences that the City "maintained" or "implemented" "at least eight official policies." ECF 61, 11:15-16. Plaintiffs provide no actual facts supporting this inference, including facts regarding the involvement of the alleged policymakers behind the custom or how the City has been deliberately indifferent to the alleged violation of constitutional rights. Without providing supporting facts, the Plaintiffs essentially ask the Court to infer that any officer allegedly acting unconstitutionally did so in accordance with a widespread and well-settled custom supporting such wrongful conduct. Such an expansive inference, without accompanying supporting facts, completely erodes the fact-based federal pleading standard.

Again, as stated in Defendants' Motion, when there is no formal unconstitutional policy, or decision by a final policymaker, a municipality can only be liable if there is a "widespread" practice of unconstitutional conduct which is "so permanent and well settled as to constitute a 'custom or usage.' " *City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1988) (citing *Adickes v. S.H. Kress &*

*Co.*, 398 U.S. 144, 167-168 (1970)) (emphasis added). "Liability for an unconstitutional custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F. 3d 911, 918 (9th Cir. 1996). <u>One instance of unconstitutional conduct, even if probable or proven, is inadequate to demonstrate sufficient duration and frequency to establish a widespread and well-settled custom under *Monell*.</u> *Cardenas v. Cnty. of Alameda*, U.S. Dist. LEXIS 66904 *9 (N.D. Cal. 2017); *see also Bedford v. City of Hayward*, U.S. Dist. LEXIS 148875 *36-39 (N.D. Cal. 2012) (dismissing conclusory *Monell* claim based on an alleged custom because plaintiff only pled facts related to the alleged Constitutional violations committed against him, which was insufficient to establish a plausible claim of a widespread and well settled unconstitutional custom.).

Plaintiffs' FAC and Opposition both fail to include any of the underlining facts or ultimate outcomes that would allow Your Honor to find beyond "a mere possibility" that the City has an unconstitutional custom of failing to investigate and reprimand involved officers. *Iqbal*, 556 U.S. at 679-80. A mere inference of wrongdoing was not enough to " 'nudge [plaintiff's] claims . . . across the line from conceivable to plausible.' " *Id.* at 683 (2009) (citing *Twombly*, 550 U.S. at 570). In *Iqbal*, the Court found the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully . . . [and] where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

Accordingly, Plaintiffs' *Monell* claim based on an unconstitutional custom and policy should be dismissed without leave to amend.

### B. **Plaintiffs' Arguments in Support of Their *Monell* Ratification Claim are Unpersuasive and Must be Dismissed**

Plaintiffs argue their ratification claim has been adequately pled because they alleged on information and belief that policymaking officials for the City ratified the alleged unconstitutional actions of Defendants and that the alleged ratification was the moving force of the constitutional

deprivation. ECF 52, ¶¶ 99-100. The phrase "information and belief" demonstrates Plaintiffs' ratification claim is not based on facts but is merely an attempt to bypass the pleading stage and engage in a discovery fishing expedition. Plaintiffs have failed to provide any facts demonstrating there was a conscious or affirmative choice on behalf of a policymaker to approve Defendants' actions and the basis for them. *See Gillette v. Delmore*, 979 F. 2d 1342, 1346-47 (9th Cir. 1992).

Further, Plaintiffs' Opposition fails to appreciate that courts "have stopped short of holding that a plaintiff can prove *Monell* liability simply on the basis of a defendant department's post-incident ratification through failure to discipline or take other action concerning the officer directly involved." *Hermosillo v. Cty. of San Bernardino*, No. EDCV 15-00033-DTB, 2016 U.S. Dist. LEXIS 192706, at *38-39 (C.D. Cal. Dec. 22, 2016) (citing *Mueller v. Cruz*, 2015 U.S. Dist. LEXIS 171889, 2015 WL 9455565, at *3 (C.D. Cal. 2015)) (emphasis added).

In their Opposition, Plaintiffs argue that by citing to unsubstantiated allegations of prior investigations, based on information and belief, they have somehow provided facts demonstrating the City or any policymaker had knowledge of an alleged pattern of unconstitutional actions by APD officers. "A policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir.1999). "Ratification requires, among other things, knowledge of the alleged constitutional violation" prior to the completion of the alleged constitutional violation. *Id*. Further, by merely pointing to alleged investigations, Plaintiffs' have fallen short of providing any evidence that a "conscious, affirmative choice" to ratify the alleged unconstitutional conduct took place prior to the conduct occurring. Similarly, Plaintiffs have failed to establish a longstanding practice and custom or deliberate indifference on behalf of the City under *Monell*. Accordingly, Plaintiffs have failed to plead a plausible ratification *Monell* claim must be dismissed.

C. **Plaintiffs' Arguments in Support of Their *Monell* Failure to Train Claim are Unpersuasive and Must be Dismissed**

Plaintiffs' Opposition appears to contend Plaintiffs' *Monell* claims are sufficient because they allege, based on information and belief, that the Defendant officers and other APD officers and/or personnel were inadequately trained to handle "the usual, recurring, and foreseeable situations with which they must deal." Aside from the fact that Plaintiffs' arguments barely constitute more than a recitation of the buzzwords contained in the FAC, these arguments still fail to meet the heightened pleading standard for such claims.

Municipalities may only be held liable under *Monell* based on a failure to adequately train theory if the failure in question "amounts to 'deliberate indifference to a constitutional right.' " *John v. Lake Cty.*, No. C 18-06935 WHA, 2019 U.S. Dist. LEXIS 28717, at *11 (N.D. Cal. Feb. 22, 2019) (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010)). "To satisfy the deliberate indifference standard, the need for training must be 'so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymakers of the city can be reasonably be said to have been deliberately indifferent to the need.' " *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 390, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)).

Moreover, courts have rightly recognized that "adequately trained officers occasionally make mistakes;" a fact which "says little about the training program or the legal basis for holding the city liable." *Knighten v. City of Anderson*, No. 2:15-CV-01751-TLN-CMK, 2016 U.S. Dist. LEXIS 44153, at *19 (E.D. Cal. 2016) (citing *City of Canton, Ohio v. Harris*, 489 U.S. at 379 (1989)). A *Monell* failure to train claim is <u>only sufficiently pled</u> "where the city's failure to train reflects <u>deliberate indifference</u> to the rights of persons with whom the police come in contact," and that deliberate indifference "was the moving force of the violation of the plaintiff's federally protected right" (*Knighten,* 2016 U.S. Dist. LEXIS 44153, at *19). Courts have concluded that "[w]ithout notice that a course of training is deficient in a particular respect, decision makers can

hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson,* 563 U.S. 51, 62 (2011).  Thus, Plaintiffs must point to "a pattern of similar constitutional violations by untrained employees." *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 409 (1997).

Plaintiffs' FAC includes no such factual allegations and their Opposition, Plaintiffs fail to justify their insufficient allegations that the interaction with Decedent was the result of the official City policies.  Furthermore, "[b]esides providing legal conclusions that . . . defendant officers were inadequately trained," a complaint cannot "fail to allege any facts establishing that the lack of training was so obvious that the policymaker could be reasonably said to have been deliberately indifferent." *John*, 2019 U.S. Dist. LEXIS 28717, at *12.  Plaintiffs' FAC simply alleges the City did not "adequate[ly] train its officers to handle the usual, recurring, and foreseeable situations with which they must deal" and were "deliberately indifferent to the obvious consequences of their failure to adequately train."  ECF 52, ¶¶ 107-108.  This, however, also does not meet the standard for *Monell* liability.

Plaintiffs must identify an "official policy or specify a custom that is 'so persistent and widespread that it constitutes a permanent and well settled . . . policy.' " *John*, 2019 U.S. Dist. LEXIS 28717, at *12 (citing *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)).  "Further, plaintiffs 'must also demonstrate that the custom or policy was adhered with "deliberate indifference" to [their] constitutional rights.' " *Id.* (citing *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1076 (9th Cir. 2016)).  A boilerplate statement that officers were inadequately trained to handle "the usual, recurring, and foreseeable situations with which they must deal policies"—without any factual support whatsoever—is patently insufficient.  Further, Plaintiffs cannot rely on the narrow exception carved out by the Court in *Connick* as a means to justify fatally conclusory allegations.  See *Connick* 563 U.S. at 64 (explaining "unconstitutional consequences of failing to train could be

so patently obvious that a city could be liable under § 1983 without proof of a preexisting pattern of violations."). Plaintiffs' *Monell* claims should be dismissed, without leave to amend.

### D. **Plaintiffs' Arguments in Support of Their Supervisor Liability Claim are Unpersuasive and Must be Dismissed**

Plaintiffs have failed to demonstrate a sufficient causal connection demonstrating a wrongful action taken by Officer Mortimer and other unnamed defendants that caused the alleged unconstitutional conduct of Officer White. Instead, Plaintiffs' FAC merely states in a conclusory fashion that Officer Mortimer knew of alleged unconstitutional acts of his subordinates and failed to prevent such conduct, or in the alternative, he set in motion a series of acts and omissions which he knew or should have known would deprive Decedent of his rights. ECF 52, ¶¶ 88-93. These conclusory, recitations of law are entirely insufficient to establish a plausible supervisor liability claim against Officer Mortimer, or any City supervisor. *See Stein v. City of Piedmont*, U.S. Dist. LEXIS 107901 *15-17 (N.D. Cal. 2016) (dismissing a supervisor liability claim against a police chief because plaintiff failed to establish a sufficient causal connection between the chief's wrongful conduct and the alleged constitutional violation).

Plaintiffs' Opposition appears to argue that liability stems from Officer Mortimer's supervisory capacity and that he "failed to stop Defendant White from using a K9 unit" against the Decedent. Such conclusory allegations, however, lack the requisite factual specificity necessary to survive this motion to dismiss. Importantly, there are no allegations in the FAC showing there was sufficient time or opportunity for Officer Mortimer to intercede. *Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000) ("[O]fficers can be held liable for failing to intercede *only* if they had an opportunity to interceded."). Accordingly, because of Plaintiffs' complete failure to plead specific facts establishing a causal connection between Officer Mortimer's conduct and the alleged constitutional violation, the supervisor liability claim must be dismissed.

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6), C18-7391 HSG

7

### III. CONCLUSION

Based on the foregoing, as well as the arguments made in Defendants' motion to dismiss portions of Plaintiffs' First Amended Complaint (ECF 58), Plaintiffs' Fifth, Sixth, Seventh, and Eighth causes of action for various theories of *Monell* liability and supervisor liability should be dismissed without further leave to amend.

Dated:  February 25, 2021

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: /s/ Blechman, Noah G.
Noah G. Blechman
Attorneys for Defendants
Officer Michael Mortimer and City of Antioch