UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A BANKS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL MORTIMER, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-07391-HSG<br><br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND BIFURCATING AND STAYING DERIVATIVE LIABILITY CLAIMS**<br><br>Re: Dkt. No. 58 |

Before the Court is Defendants' motion to dismiss Plaintiffs' municipal ("*Monell*") liability and supervisor liability claims.[1] Dkt. No. 58. The Court has carefully considered the parties' briefs. For the reasons set forth below the Court **DENIES WITHOUT PREJUDICE** Defendants' motion to dismiss and, acting sua sponte, **BIFURCATES** the trial and discovery of Plaintiffs' *Monell* and supervisory lability claims from their claims involving the individual liability of Defendants Mortimer and White.[2]

**I.　BACKGROUND**

According to the first amended complaint, at approximately 11:30 p.m. on June 16, 2017, Nathan Banks ("Decedent") was sitting in the passenger seat of a parked vehicle with Jennifer Caldwell in Antioch, California. Dkt. No. 52 ("FAC") at ¶ 49. Antioch Police Officer Michael Mortimer obstructed Decedent from getting out of the car, aimed a firearm at Decedent, and violently struck Decedent on his head and upper body. *Id*. at ¶ 51.

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

[2] Because the Court denies Defendants' motion to dismiss without prejudice and bifurcates the individual and derivative liability claims, Defendants may renew their motion to dismiss following adjudication of the individual liability claims. The Court notes its preliminary view that these claims likely are adequately pled at this stage, but it need not conclusively decide that issue now.

1  After getting hit by Officer Mortimer, Decedent escaped from the car and fled on foot. *Id.* at ¶ 52. Without calling for backup, Officer Mortimer chased Decedent on foot and shot him multiple times, eventually killing him. *Id.* After firing these fatal shots, Officer Mortimer and K9 Officer Ryan White "ordered a K9 police dog unit to attack Decedent, causing him to suffer additional injury." *Id.* at ¶ 54.

In the FAC, Plaintiffs Greg Banks, the Decedent's father, and Alexis Avalos, the Decedent's daughter, allege twelve separate claims individually and as successors-in-interest. Defendants seek to dismiss claims five through eight—the supervisor and municipal liability claims under 42 U.S.C. § 1983. *See* Dkt. No. 58 at 1-2.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences*." In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### B. Federal Rule of Civil Procedure 42(b)

Federal Rule of Civil Procedure 42(b) provides that: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, [or] claims[.]" Rule 42(b) confers "broad authority," *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001), and "giv[es] the district court virtually unlimited freedom to try the issues in whatever way trial convenience requires." Charles A. Wright, *et al.*, 9A Fed. Prac. & Proc. (Trials) § 2387 (3d ed. rev. 2015). A court may bifurcate a trial to "avoid[] a difficult question by first dealing with an easier, dispositive issue." *Huizar v. City of Anaheim (Est. of Diaz)*, 840, F.3d 592, 601 (9th Cir. 2016) (citing *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001)). The Ninth Circuit has held that implicit in the power of courts to bifurcate trial under Rule 42(b) is the "power to limit discovery to the segregated issues" because "[o]ne of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (per curiam); *accord Craigslist Inc. v. 3Taps, Inc.*, 942 F. Supp. 2d 962, 982 (N.D. Cal. 2013).

### III. DISCUSSION

#### A. Bifurcation of *Monell* and Supervisory Claims

A municipality may be liable for causing cognizable injury under 42 U.S.C. § 1983 if the injury is a result of a custom or policy of the municipality. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). When *Monell* claims are asserted in conjunction with claims against individual defendants, courts often bifurcate them in the interests of "convenience and judicial economy." *See Quitanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996).

Exercising its discretion under Rule 42(b), the Court finds that it is appropriate to bifurcate the trial and discovery of the individual liability claims and the *Monell* and supervisory liability claims in this case. *See Huffmaster v. United States*, 186 F. Supp. 120, 124 (N.D. Cal. 1960) ("The Court has power to order a separate trial of issues, sua sponte, to further convenience, or to avoid prejudice."). Bifurcation will preserve substantial judicial and party resources in the event that the Officers are not found individually liable. Under similar circumstances, this Court and

others in this district have previously held that "bifurcation is conducive to expedition and economy because a finding that the individual officers did not deprive [the plaintiff] of his constitutional or statutory rights or negligently cause his death is dispositive of plaintiffs' claims against the City and Chief[.]" *Est. of Lopez v. Suhr*, No. 15-CV-01846-HSG, 2016 WL 1639547, at *6 (N.D. Cal. Apr. 26, 2016) (quoting *Boyd v. City and Cnty. of San Francisco*, No. C-0405459, 2006 WL 6800556, at *2 (N.D. Cal. Mar. 14, 2006)). This is because "neither *Monell* ...nor any other of [the Supreme Court's] cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see also Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002) ("Exoneration of [the individual officer] of the charge of excessive force precludes municipal liability for the alleged unconstitutional use of such force."); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (holding, where individual officers were entitled to judgment on ground they did not use excessive force, municipality was entitled to judgment on claim municipality failed to adequately train officers). The same is true with respect to Plaintiffs' supervisory liability claim. *See Trevino v. Gates*, 99 F.3d 911, 920-21 (9th Cir. 1996) ("We have found municipal liability on the basis of ratification when the officials involved adopted and expressly approved of *the acts of others who caused the constitutional violation*.") (italics added). And there are no countervailing efficiencies. If the Officers are found liable, collateral estoppel will establish that fact in the second trial.

The same judicial efficiencies that warrant bifurcation also provide good cause for a stay of discovery under Federal Rule of Civil Procedure 26(c) with respect to the supervisory and municipal liability claims until Plaintiffs' claims against the Officers are adjudicated. "[I]n order to prove the unlawful municipal policies alleged, plaintiffs may require discovery with respect to, *inter alia*, incidents involving non-party officers. Because such discovery has no apparent relevance to the claims against the individual officer defendants herein, a stay will conserve the resources of the parties and the Court by deferring such discovery until such time as one or more of the individual officers has been found liable or entitled to qualified immunity." *Est. of Lopez*, 2016 WL 1639547, at *7 (quoting *Boyd*, 2006 WL 680556, at *3). To the extent that Plaintiffs can

4

1  show that discovery directly pertains to the individual claims, it may proceed.

## IV. CONCLUSION

The Court **DENIES WITHOUT PREJUDICE** Defendants' motion to dismiss. Exercising its discretion under Rule 42(b), the Court **BIFURCATES** the trial and discovery of the individual liability claims against the Officers from the *Monell* and supervisory liability claims. Because the Court finds that trial and discovery bifurcation is warranted, the Court also **STAYS** discovery on any issues that pertain exclusively to the *Monell* and supervisory liability claims. The Court further **SETS** a case management conference for May 4, 2021 at 2:00 p.m. All parties, counsel, and members of the public and press may use the following dial-in information below to access the conference line:

**Dial In:** 888-808-6929

**Access Code:** 6064255

The parties shall file by April 30, 2021 a joint case management statement, including a proposed schedule through trial.

**IT IS SO ORDERED.**

Dated: April 23, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge