NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
City of Antioch, Officers Michael Mortimer and Ryan White

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG BANKS, individually and as successor-in-interest of the ESTATE OF NATHAN BANKS, and ALEXIS AVALOS individually and as successor-in-interest of the ESTATE OF NATHAN BANKS,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICER MICHAEL MORTIMER; OFFICER RYAN WHITE; CITY OF ANTIOCH; DAWNMARIE DELUCCHI; and DOES 1-15,<br><br>Defendants. | Case No. C18-7391 HSG<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND DAMAGES** |

Defendants CITY OF ANTIOCH, MICHAEL MORTIMER, AND RYAN WHITE ("Defendants" or "Antioch Defendants") respond as follows to Plaintiffs' First Amended Complaint for Damages ("FAC"). *See* ECF 52.

**INTRODUCTION**

1. Defendants neither admit nor deny the allegations in the Introduction portion (ECF 52, ¶¶ 1-3) of Plaintiffs' FAC because it includes contentions and legal matters not proper for admission or denial.

# JURISDICTION

2. Defendants admit that the jurisdiction appears proper, but denies the remaining allegations in Paragraph 4.

# INTRADISTRICT ASSIGNMENT

3. Defendants admit that venue is proper as the alleged incident occurred in Contra Costa County, within the Northern District of California, but deny the remaining allegations in Paragraphs 5 and 6.

# PARTIES

**A.   Plaintiffs and Decedent**

4. Defendants neither admit nor deny the allegations in Paragraph 7 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

5. Defendants neither admit nor deny the allegations in Paragraph 8 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

6. Defendants neither admit nor deny the allegations in Paragraph 9 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

7. Defendants neither admit nor deny the allegations in Paragraph 10 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

8. Defendants neither admit nor deny the allegations in Paragraph 11 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

9. Defendants neither admit nor deny the allegations in Paragraph 12 because it includes contentions and legal matters not proper for admission or denial, nor do Defendants have any personal knowledge of those contentions.

10. Defendants neither admit nor deny the allegations in Paragraph 13 because it

1    includes contentions and legal matters not proper for admission or denial, nor do Defendants have
2    any personal knowledge of those contentions.

3    **B.    Defendants**

4    11.    Defendants admit that the City of Antioch is a public entity, duly organized and
5    existing under the laws of the State of California, as alleged in Paragraph 14.

6    12.    Defendants admit that Antioch Police Department is operated by the City of
7    Antioch.  Defendants neither admit nor deny the remaining allegations in Paragraph 15 because it
8    includes contentions and legal matters not proper for admission or denial.

9    13.    Defendants neither admit nor deny the allegations in Paragraph 16 because it
10   includes contentions and legal matters not proper for admission or denial.

11   14.    Defendants neither admit nor deny the allegations in Paragraph 17 because it
12   includes contentions and legal matters not proper for admission or denial.

13   15.    Defendants admit that Michael Mortimer and Ryan White are and/or were
14   employees with the Antioch Police Department at the time of Decedent's death, as alleged in
15   Paragraph 18.

16   16.    Defendants neither admit nor deny the allegations in Paragraph 19 because it
17   includes contentions and legal matters not proper for admission or denial.

18   17.    Defendants neither admit nor deny the allegations in Paragraph 20 because it
19   includes contentions and legal matters not proper for admission or denial.

20   18.    Defendants neither admit nor deny the allegations in Paragraph 21 because it
21   includes contentions and legal matters not proper for admission or denial.

22   19.    Defendants neither admit nor deny the allegations in Paragraph 22 because it
23   includes contentions and legal matters not proper for admission or denial.

24   20.    Defendants neither admit nor deny the allegations in Paragraph 23 because it
25   includes contentions and legal matters not proper for admission or denial.

26   21.    Defendants neither admit nor deny the allegations in Paragraph 24 because it
27   includes contentions and legal matters not proper for admission or denial.

28   22.    Defendants neither admit nor deny the allegations in Paragraph 25 because it

1  includes contentions and legal matters not proper for admission or denial.

2      23.    Defendants neither admit nor deny the allegations in Paragraph 26 because it
3  includes contentions and legal matters not proper for admission or denial.

4      24.    Defendants neither admit nor deny the allegations in Paragraph 27 because it
5  includes contentions and legal matters not proper for admission or denial.

6      25.    Defendants neither admit nor deny the allegations in Paragraph 28 because it
7  includes contentions and legal matters not proper for admission or denial.

8      26.    Defendants neither admit nor deny the allegations in Paragraph 29 because it
9  includes contentions and legal matters not proper for admission or denial.

10      27.    Defendants neither admit nor deny the allegations in Paragraph 30 because it
11  includes contentions and legal matters not proper for admission or denial.

12      28.    Defendants neither admit nor deny the allegations in Paragraph 31 because it
13  includes contentions and legal matters not proper for admission or denial.

14      29.    Defendants neither admit nor deny the allegations in Paragraph 32 because it
15  includes contentions and legal matters not proper for admission or denial.

16      30.    Defendants neither admit nor deny the allegations in Paragraph 33 because it
17  includes contentions and legal matters not proper for admission or denial.

18      31.    Defendants neither admit nor deny the allegations in Paragraph 34 because it
19  includes contentions and legal matters not proper for admission or denial.

20  **PUBLIC ENTITY CLAIMS PRESENTATION**

21      32.    Defendants neither admit nor deny the allegations in Paragraph 35 because it
22  includes contentions and legal matters not proper for admission or denial.

23      33.    Defendants neither admit nor deny the allegations in Paragraph 36 because it
24  includes contentions and legal matters not proper for admission or denial.

25  **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

26      **A.**    **Pattern of Unconstitutional Conduct and Failure to Properly Train**

27      34.    Defendants neither admit nor deny the allegations in Paragraphs 37 through 42
28  because they include contentions and legal matters not proper for admission or denial.

ANSWER TO FIRST AMENDED COMPLAINT
FOR WRONGFUL DEATH AND DAMAGES–
C18-7391 HSG
    4

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

**B.     Failure to Adequately Investigate and Reprimand Police Officer Misconduct**

35.     Defendants neither admit nor deny the allegations in Paragraphs 43 through 46 because they include contentions and legal matters not proper for admission or denial.

**C.     June 16, 2017 Officer-Involved Killing of Nathan Banks**

36.     In answering the allegations in Paragraphs 47 through 56, Defendants respond as follows: On June 16, 2017, at approximately 11:30 p.m., Antioch Police Department (APD) Corporal ("Cpl") Mortimer was on patrol in the City of Antioch when he noticed a white Volkswagen Passat vehicle parked facing him in front of a house where he had contacted other people earlier that evening, in this area that is known for high crime and violence. When he illuminated the area, he saw Ms. Jennifer Caldwell in the driver seat and Decedent in the front passenger seat making furtive and suspicious movements inside the car. Cpl. Mortimer pulled his patrol vehicle next to the Volkswagen in the roadway and spoke to Ms. Caldwell, who he knew from prior contacts. Ms. Caldwell identified the passenger as "Nate," who Cpl. Mortimer immediately recognized from prior contacts and per his reputation as being violent, resistive, and dangerous. Cpl. Mortimer got out of his patrol vehicle and went to speak to Decedent on the passenger side of the Volkswagen.

37.     During a brief discussion, Decedent's attitude suddenly changed and he began acting strange. Decedent leaned forward and reached towards his back with his left hand, out of Cpl. Mortimer's sight. Cpl. Mortimer believed Decedent was reaching for a firearm and knew he often carried firearms per his prior contacts and general police knowledge. Cpl. Mortimer gave commands for Decedent to show his hands. Decedent then forcefully attempted to open the passenger door, but the door hit Cpl. Mortimer in the leg and could not open all the way. Decedent was still digging in his back waist area and was asking to get out of the car. Cpl. Mortimer had his flashlight in his left hand and used it as an alternative striking device to try to strike Decedent in the sternum, but Decedent leaned forward and the flashlight struck him in his forehead.

38.     Decedent then pulled his left hand out from behind his back and reached it over by Ms. Caldwell in the driver seat. At this point, Cpl. Mortimer saw Decedent had a firearm in his left

ANSWER TO FIRST AMENDED COMPLAINT        5
FOR WRONGFUL DEATH AND DAMAGES–
C18-7391 HSG

hand. Cpl. Mortimer drew his firearm and ordered to see both of Decedent's hands, but he did not comply and continued to try to push the passenger door open. Cpl. Mortimer lost visual of Decedent's left hand (due to his position up on the sidewalk and Decedent's movements inside of the vehicle), but believed Decedent ditched the firearm out the window. Cpl. Mortimer figured since the gun was gone, he would let Decedent out of the car and then he would take him to the ground to arrest him. Cpl. Mortimer holstered his firearm and went to grab Decedent as he exited the Volkswagen, at this point he saw Decedent still had the gun in his left hand. Cpl. Mortimer grabbed Decedent's shirt, which ripped, but then Decedent got loose and ran away with the firearm in his left hand. Cpl. Mortimer pursued Decedent on foot per his duty as now Decedent was a fleeing suspect with a firearm who had defied multiple lawful orders and was running into a populated residential area.

39. Cpl. Mortimer pursued Decedent a short distance and gave Decedent commands to stop running, though he did not comply. Decedent suddenly turned west towards the entrance of the side yard of 2308 Manzanita Apt. B. As Cpl. Mortimer came around the corner, he saw Decedent straddling the fence with his right leg over the fence and with the left side of his body exposed to Cpl. Mortimer. As Decedent was moving over the fence, Cpl. Mortimer saw the firearm in Decedent's hand and saw the barrel come around towards him. Believing he was about to be shot by Decedent, Cpl. Mortimer fired three shots.

40. After the shooting, Decedent fell to the other side of the fence. Cpl. Mortimer retreated and waited for cover units to arrive. APD Canine Ofc. White arrived and then the two of them breached the fence, they found Decedent laying on the ground with a firearm 1-2 inches away from his right hand. Ofc. White immediately sent in his dog to engage the subject and the dog bit Decedent on the right leg. Ofc. White used his foot to slide the gun away from Decedent's right hand. Other officers arrive thereafter and rendered medical aid to Decedent, but he was later pronounced dead at the scene. The gun found at the scene had Decedent's DNA on it in several places upon testing.

41. Defendants deny the remaining allegations in Paragraphs 47 through 56 because they include contentions and legal matters not proper for admission or denial.

ANSWER TO FIRST AMENDED COMPLAINT
FOR WRONGFUL DEATH AND DAMAGES–
C18-7391 HSG

6

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**Fourth Amendment—Unlawful Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants MICHAEL MORTIMER, SUPERVISORY APD DOES, and APD OFFICER DOES)

42. In answering Paragraphs 57 through 62, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

43. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 57 through 62 of Plaintiffs' FAC.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants MICHAEL MORTIMER, RYAN WHITE, SUPERVISORY APD DOES, and APD OFFICER DOES)

44. In answering Paragraphs 63 through 70, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

45. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 63 through 70 of Plaintiffs' FAC.

## THIRD CLAIM FOR RELIEF

**Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants MICHAEL MORTIMER, RYAN WHITE, SUPERVISORY APD DOES, and APD OFFICER DOES)

46. In answering Paragraphs 71 through 77, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

47. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 71 through 77 of Plaintiffs' FAC.

## FOURTH CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983)**

(Against Defendants MICHAEL MORTIMER, RYAN WHITE, SUPERVISORY APD DOES, and APD OFFICER DOES)

48. In answering Paragraphs 78 through 85, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

49. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 78 through 85 of Plaintiffs' FAC.

## FIFTH CLAIM FOR RELIEF

### Supervisor Liability (42 U.S.C. § 1983)

(Against Defendants MICHAEL MORTIMER and SUPERVISORY APD DOES)

50. In answering Paragraphs 86 through 95, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

51. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 86 through 95 of Plaintiffs' FAC.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against Defendants MICHAEL MORTIMER, SUPERVISORY APD DOES, CITY POLICYMAKING DOES, and CITY)

52. In answering Paragraphs 96 through 103, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

53. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 96 through 103 of Plaintiffs' FAC.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants MICHAEL MORTIMER, SUPERVISORY APD DOES, CITY POLICYMAKING DOES, and CITY)

54. In answering Paragraphs 104 through 114, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

55. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 104 through 114 of Plaintiffs' FAC.

/ / /

# EIGHTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants MICHAEL MORTIMER, SUPERVISORY APD DOES, CITY POLICYMAKING DOES, and CITY)

56. In answering Paragraphs 115 through 124, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

57. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 115 through 124 of Plaintiffs' FAC.

# NINTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment**

(Against Defendants MICHAEL MORTIMER, RYAN WHITE, SUPERVISORY APD DOES, APD OFFICER DOES, and CITY)

58. In answering Paragraphs 125 through 133, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

59. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 125 through 133 of Plaintiffs' FAC.

# TENTH CLAIM FOR RELIEF

**Battery (Wrongful Death)**

(Against Defendants MICHAEL MORTIMER, RYAN WHITE, SUPERVISORY APD DOES, APD OFFICER DOES, and CITY)

60. In answering Paragraphs 134 through 139, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

62. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 134 through 139 of Plaintiffs' FAC.

# ELEVENTH CLAIM FOR RELIEF

**Negligence (Wrongful Death)**

(Against all Defendants)

63. In answering Paragraphs 140 through 145, Defendants incorporate by reference their

responses to Paragraphs 1 through 56.

64. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 140 through 145 of Plaintiffs' FAC.

## TWELFTH CLAIM FOR RELIEF

### Violation of California Code of Civil Procedure section 52.1

(Against all Defendants)

65. In answering Paragraphs 146 through 157, Defendants incorporate by reference their responses to Paragraphs 1 through 56.

66. Except as to matters previously admitted, Defendants deny the remaining allegations in Paragraphs 146 through 157 of Plaintiffs' FAC.

## PRAYER FOR RELIEF

67. Defendants neither admit or deny the allegations in Plaintiffs' "Prayer for Relief" portion of the FAC, which includes subparts A through H, as it includes contentions and legal matters not proper for admission or denial.

## DEMAND FOR JURY TRIAL

68. Defendants neither admit or deny the allegations in Plaintiffs' "Demand for Jury Trial" portion of the FAC, as it includes contentions and legal matters not proper for admission or denial. Defendants herein demand a jury trial.

## AFFIRMATIVE DEFENSES

1. AS FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs' FAC fails to state cognizable legal theories and/or facts sufficient to constitute cognizable legal theories against Defendants

2. AS FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs failed to state facts sufficient to support a prayer for punitive damages and/or exemplary damages against any Defendant.

3. AS FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs and/or Decedent had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger

involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

4. AS FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times and places mentioned in Plaintiffs' FAC, Plaintiffs and/or Decedent failed to mitigate the amount of their damages, if any. The damages claimed by Plaintiffs could have been mitigated by due diligence on their part and/or Decedent's part or by one acting under similar circumstances. Plaintiffs and/or Decedent's failure to mitigate is a bar or limit to their recovery under their FAC.

5. AS FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiffs was the negligence and fault of the Decedent and/or others, or on the part of any person or entity for whose acts or omissions Defendants are not legally or otherwise responsible, or, in the alternative, that the negligence and fault of the Decedent and/or others in and about the matters alleged in the FAC herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Decedent or others requires that any damages awarded to Plaintiffs shall be diminished in proportion to the amount of fault attached to the Decedent and/or others.

6. AS FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs and/or Decedent, by virtue of their own conduct and omissions, have enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiffs and/or Decedent as a result of the acts or omissions complained of herein.

7. AS FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable federal and state statutes and/or case law.

8. AS FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, Defendants are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

9. AS FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants

allege that at all times herein mentioned, all actions taken by the Defendants (and/or any other officers named herein at any time) was/were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and the Defendants are therefore immune under the "good faith immunity" and/or qualified immunity doctrine.

10. AS FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Defendants shall only be responsible for damages, if any, in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

11. AS FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the alleged acts or omissions of the Defendants (and/or any other officers named herein at any time), were based upon the officers' reasonable cause to believe that they had reasonable suspicion to detain and/or probable cause to arrest the Decedent, and the Defendants used reasonable force to effect the detention and/or arrest to prevent the escape and overcome the resistance of the Decedent, and for the safety of the lives of themselves and others; and the Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

12. AS FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants in relation to their contact with Decedent.

13. AS FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that to the extent Plaintiffs alleges or asserts matters not contained in a legally sufficient claim filed by them, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

14. AS FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the matters complained of by Plaintiffs, if committed by the Defendants, were consented to by Decedent and/or Plaintiffs.

15. AS FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute reasonable suspicion for a detention and/or

probable cause for the arrest of Decedent.

16. AS FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs have failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

17. AS FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs have no standing to bring this civil action and/or some of the claims alleged in this action.

18. AS FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

19. AS FOR A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Defendants were acting in good faith in respect to the acts and/or omissions alleged in the FAC.

20. AS FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Decedent, himself, was violent, combative, threatening, and/or furtive towards the Defendant peace officers, and the Defendant peace officers acted in self-defense and/or per their sworn duty, in relation to any claimed use of force.

21. AS FOR AN TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that they reasonably relied upon dispatch reporting and records, public records and/or information of the State of California, other law enforcement related databases and other sources of information, in taking the action against Decedent, making their conduct reasonable and lawful under the circumstances.

22. AS FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the absolute privilege of Civil Code § 47(b).

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiffs take nothing by way of their FAC herein;

2. For costs of suit;

3. For attorney's fees;

4. For such further relief as this Court may deem just and proper.

The undersigned attests that permission in the filing of this document has been obtained from the signatory below which shall serve in lieu of the actual signatures on the document.

Dated: May 7, 2021                MCNAMARA, NEY, BEATTY, SLATTERY,
                                  BORGES & AMBACHER LLP


                                  By:  /s/ Noah G. Blechman
                                       Noah G. Blechman
                                       Attorneys for Defendants
                                       City of Antioch, Officers Michael Mortimer and Ryan White

ANSWER TO FIRST AMENDED COMPLAINT   14
FOR WRONGFUL DEATH AND DAMAGES–
C18-7391 HSG