UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A BANKS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL MORTIMER, et al.,<br><br>Defendants. | Case No. 18-cv-07391-HSG<br><br>**ORDER GRANTING MOTION FOR REALIGNMENT AS PLAINTIFF**<br><br>Re: Dkt. No. 77 |

Plaintiffs Greg Banks and Alexis Avalos (collectively "Plaintiffs") brought this civil rights lawsuit in December 2018 against the City of Antioch, Contra Costa County, and individual employees of both the City and County, following the death of Nathan Banks. *See* Dkt. No. 1. Greg Banks is Nathan's father and Alexis Avalos is his daughter. *Id.* ¶¶ 5-6. Before the Court is Dawn Marie Delucchi's motion for an order realigning her as a plaintiff in this matter as to the first through eighth causes of action in the First Amended Complaint. *See* Dkt. No. 77 ("Mot."). Although Ms. Delucchi was initially sued by Plaintiffs as a nominal defendant, she contends that she is Nathan Banks's biological mother. *Id.* Defendants Michael Mortimer, Ryan White and City of Antioch ("Defendants") oppose Ms. Delucchi's motion, but Plaintiffs do not. *See* Dkt. Nos. 78, 79 ("Opp."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court **GRANTS** Ms. Delucchi's motion.

This Court, not the parties, is responsible for aligning the parties "according to their interests in the litigation." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987) (citations omitted). "If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be

realigned as a plaintiff for jurisdictional purposes." *Id.* Courts seek to align the parties so that their interests regarding the "primary matter in dispute" coincide. *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1157 (9th Cir. 2012) (citations omitted).[1] "This inquiry involves factual determinations of the type ordinarily left to the district court and reviewed for clear error." *Id.* (citations omitted).

Ms. Delucchi's interests clearly align with those of the Plaintiffs. There is no dispute that she is the mother of Nathan Banks and, like the other Plaintiffs, seeks damages against Defendants based on the death of her son.[2] *See* Mot. at 3. Her interests in this litigation therefore coincide with those of her son's father and daughter—not the Defendants who are allegedly responsible for her son's death.

Defendants present two opposing arguments. They first claim that realignment would give them "a short window to obtain all necessary information from Ms. Delucchi" and would therefore cause them prejudice. Opp. at 1-2. But Defendants have made no attempt to explain what discovery they would need to conduct with respect to Ms. Delucchi, why it has not already been

---

[1] The Ninth Circuit has generally applied the "primary matter in dispute" test in cases where realignment could potentially destroy diversity jurisdiction. *See Scotts Co.*, 688 F.3d at 1157. Although nothing in Ninth Circuit caselaw explicitly limits that test to diversity jurisdiction analysis, district courts have varying views on whether that test applies beyond the realm of diversity jurisdiction. *Compare Plumtree Software, Inc. v. Datamize, LLC*, No.02-CV-5693-VRW, 2003 WL 25841157, at *3 (N.D. Cal. Oct. 6, 2003) ("[T]he court agrees with [Defendant] that it has the discretion to realign the parties in accordance with the primary purpose of the litigation. Although most of the cases on which [Defendant] relies do not extend this test beyond the realm of diversity jurisdiction, nothing in those cases explicitly limits the test to that subject.") *with Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*, No. SA:11-CV-0313-DOC-CWX, 2011 WL 4965111, at *3 (C.D. Cal. Oct. 18, 2011) (The "primary purpose" test that [Plaintiff] urges is traditionally applied in a different context, namely to determine whether a party is improperly designated as a defendant or plaintiff as part of an effort to establish sham diversity jurisdiction."). No party disputes that this Court has the authority and discretion to align the parties according to their core interests, so the Court will use the "primary matter in dispute" caselaw as guidance and turn to the merits of the motion. *See FCE Benefits Administrators, Inc. v. Training, Rehab. & Dev. Inst., Inc.*, No. 15-CV-01160-JST, 2016 WL 4426897, at *2 (N.D. Cal. Aug. 22, 2016).

[2] Ms. Delucchi asks the Court to take judicial notice of the Contra Costa County Office of the Sheriff Coroner's Report for Case No. 17-2941, which identifies Dawn Marie Delucchi as the mother of Nathan Banks. *See* Dkt. No. 80-1. The Court takes judicial notice of the fact that Ms. Delucchi is Nathan Banks's mother because it is undisputed and can be "accurately and readily determined" from the Coroner's Report. *See* Fed. R. Evid. 201(b)(2). Ms. Delucchi also asks the Court to take judicial notice of Plaintiffs' First Amended Complaint, filed on January 14, 2021. *See* Dkt. No. 77-1. The Court is aware of the operative complaint in this case and finds no need to take judicial notice of it.

pursued given that she has long been a party with interests obviously aligned with the Plaintiffs', or how it would be different from any discovery they are conducting as to the other Plaintiffs. And in any event, this argument is mooted by the Court's subsequent order extending the parties' discovery deadlines. *See* Dkt. No. 84. Defendants' second argument is that Ms. Delucchi's claims would be barred by the statute of limitations. Opp. at 2-4. This argument is misplaced. The question currently before the Court is whether Ms. Delucchi is properly classified as a plaintiff or a defendant in this case—not whether her claims could survive a future dispositive motion. Because Ms. Delucchi's interests in this litigation align with those of the other Plaintiffs, the Court **GRANTS** her Motion for Realignment. Dawnmarie Delucchi is therefore realigned as a plaintiff as to the first through eighth causes of action in the First Amended Complaint.

**IT IS SO ORDERED.**

Dated: 2/16/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge