UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A BANKS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL MORTIMER, et al.,<br><br>Defendants. | Case No. 18-cv-07391-HSG<br><br>**ORDER DIRECTING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING** |

On June 30, 2022, the Court held a hearing on Defendants' Motion for Summary Judgment. *See* Dkt. No. 89. Defendants argue that Officer Mortimer is entitled to qualified immunity. *See generally id.*

A court considering a claim of qualified immunity makes a two-pronged inquiry: (1) whether the plaintiff has alleged the deprivation of a constitutional right, and (2) whether such right was clearly established at the time of the deprivation. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 535 U.S. 194, 201 (2001)). While the second prong does not "require a case directly on point, [ ] existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Id.* at 731. And the Supreme Court has further instructed that, where "the result depends very much on the facts of each case . . . officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 695 (9th Cir. 2019) (citing *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018)); *see also City of Escondido v. Emmons*, 139 S. Ct. 500, 504 (2019) ("[W]e have stressed the need to identify a case where an officer acting under similar circumstances was held to have

violated the Fourth Amendment. . . . While there does not have to be a case directly on point, existing precedent must place the lawfulness of the particular [action] beyond debate.") (quotations omitted and brackets in original). In identifying the "specific facts at issue" at the summary judgment stage, the Court must accept Plaintiffs' version of the facts. *See Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (holding that "under either prong [of the qualified immunity analysis], courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment" and "must view the evidence 'in the light most favorable to the opposing party'") (citations omitted).

Plaintiffs are directed to submit supplemental briefing that identifies, with respect to each of Plaintiffs' claims under Section 1983 (i.e., causes of action 1-2 and 4):

(1) Plaintiffs' version of the facts, with record cites to the evidence that supports Plaintiffs' version of the facts; and

(2) the specific case law that Plaintiffs contend "squarely governs the specific facts at issue" and places the unlawfulness of the actions taken by Officer Mortimer (accepting Plaintiffs' version of the facts) beyond debate. This submission should include a detailed comparison of the facts in the cited case(s) to Plaintiffs' version of the facts here.

Plaintiffs shall file their supplemental brief of no more than 15 pages by July 8, 2022. Defendants may then file a response of up to 10 pages by July 15, 2022. In addressing whether clearly established law put the unlawfulness of Officer Mortimer's conduct beyond debate, Defendants must adhere to the *Tolan* standard discussed above. This means that Defendants must not make arguments that would require the Court to resolve genuine disputes of material fact in their favor and must base their arguments on a view of the evidence assessed in the light most favorable to Plaintiffs. The motion will be deemed submitted once Defendants' submit their filing. No further filings will be permitted unless otherwise ordered.

**IT IS SO ORDERED.**

Dated: 7/1/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge